IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BRENDA HOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:19cv559-ECM-SMD |
| | ) |
| WALMART STORE #5903, | ) |
| RAVEN SARTAIN, *et. al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff filed a Complaint (Doc. 1) alleging that Defendants discriminated against her based upon her age.[1] Generally, Plaintiff alleges that Defendants harassed her because of her age and threatened her with termination, which forced her to retire.[2] (Doc. 1) at ¶ 4, 6, 8, 9. Prior to filing her Complaint with this Court, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and was issued a right-to-sue

---

[1] The undersigned interprets Plaintiff's Complaint to allege a constructive discharge claim under the Age Discrimination in Employment Act ("ADEA").

[2] To the extent that it can be construed from Plaintiff's vague reference of "harassment" within her Complaint that she is attempting to file a hostile environment claim as well, the undersigned notes that there is no indication that Plaintiff filed an EEOC charge based upon such conduct. *See* (Doc. 11-1) (noting that Plaintiff's EEOC charge states that she believes she has been subjected to discrimination because of her age in violation of the ADEA and does not mention anything about a hostile working environment). The undersigned further notes that, although Plaintiff did not attach a copy of the EEOC charge along with her Complaint, the Court may consider the document, which was provided by Defendants, without converting Defendants' Motion to Dismiss into a motion for summary judgment. *See Sessom v. Wellstar Hosp.,* 2009 WL 1562876, at *3 n. 1 (N.D. Ga. May 29, 2009) ("The EEOC charge is properly considered on the motion to dismiss because Plaintiff has not disputed its authenticity and refers to it in her Complaint."); *Judkins v. Saint Joseph's Coll. of Me.,* 483 F. Supp. 2d 60, 62 (D. Me. 2007) ("EEOC documents are central to Plaintiff's claims of sex and age discrimination."); *Secrist v. Burns Int'l Sec. Servs.,* 926 F. Supp. 823, 825 (E.D. Wis. 1996) (examining EEOC charge when determining motion to dismiss).

letter. *See* (Doc. 1); (Doc. 1-1).

Pending before the Court is a Motion to Dismiss Employees Raven Sartain and Lindzi Simpson as Defendants (Doc. 9) and a Motion to Dismiss Complaint by Defendants Alan Fonville and WalMart Stores East, L.P. (Doc. 10). On August 12, 2019, and August 16, 2019, the undersigned entered orders directing Plaintiff to show cause why the Motions should not be granted. (Docs. 10, 13). Plaintiff's responses were due August 26, 2019, and September 14, 2019, respectively. *Id*. The docket indicates that Plaintiff was served with the Court's show cause orders on September 14, 2019, and September 18, 2019, (Docs. 17, 18); however, she did not file oppositions to the Motions.

On December 11, 2019, the undersigned entered an order directing Plaintiff to file written notice with the Court indicating whether she intended to proceed with her suit. (Doc. 19). It further ordered Plaintiff, if she intended to proceed, to show cause as to why Defendants' Motions to Dismiss should not be granted. *Id*. The order warned Plaintiff that her

> **failure to file a written notice with the Court in accordance with this Order will be interpreted by the undersigned as Plaintiff's abandonment of her claims and will result in the undersigned's recommendation that this case be dismissed for failure to prosecute and abide by orders of the court. Further, Plaintiff is warned that her failure to show cause as to the Motions to Dismiss will be interpreted by the undersigned as Plaintiff's lack of opposition to the Motions and will result in the undersigned's recommendation that this case be dismissed.**

*Id*. (emphasis in original).

On December 23, 2019, Plaintiff filed a one-page response to the undersigned's December 11th order. (Doc. 21). Plaintiff's response seems to indicate that she wishes to

2

proceed with the suit, but in no way substantively responds to Defendants' Motions to Dismiss. *Id*. While the undersigned could recommend dismissal based upon Plaintiff's failure to oppose the motions to dismiss, the undersigned will nonetheless address the merits of Defendants' arguments.

**I.      The ADEA Does Not Provide Liability Against Individuals.**

Defendant Raven Sartain, Defendant Lyndzi Simpson, and Defendant Alan Fonville ask the Court to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) because "there is no provision for individual liability under the ADEA and thus Plaintiff fails to state a claim against them[.]" (Doc. 9) at 1; (Doc. 11) at 1..

The ADEA makes it unlawful for an employer "to discharge . . . or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . ." 29 U.S.C. § 623. Under Eleventh Circuit precedent, individuals cannot be held liable under the ADEA. *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (noting that the defendants, sued in their individual capacities, could not be held liable under the ADEA because they were not the plaintiff's employer); *Griswold v. Ala. Dep't of Indus. Relations*, 903 F. Supp. 1492, 1496 (M.D. Ala. 1995) ("Eleventh Circuit law supports the view that employees are not individually liable for ADEA violations.")

Plaintiff's Complaint alleges that Defendant Sartain was the store manager for Defendant WalMart during the relevant timeframe and that Defendant Simpson and Defendant Fonville were assistant managers. (Doc. 1) at 3. Plaintiff cannot state claims for constructive discharge under the ADEA against these Defendants as a matter of law

3

because they were her managers, not her employer. Accordingly, they are due to be dismissed as Defendants.

## II. Plaintiff's ADEA Claim Against Defendant Walmart is Untimely.

In order to maintain an ADEA claim, a plaintiff must file a complaint within ninety days of receiving the EEOC's right-to-sue letter. *Browning v. AT&T Paradyne*, 120 F.3d 222, 224 (11th Cir. 1997) (ADEA suits "must be filed within 90 days of the plaintiff's receipt of a notice of the termination of administrative proceedings from the EEOC"). The 90 days commence at the time the "complainant has adequate notice that the EEOC has dismissed the Charge." *Santini v. Cleveland Clinic Fla.,* 232 F.3d 823, 825 (11th Cir. 2000). When a defendant contests the timeliness of the plaintiff's complaint, the plaintiff bears the burden of establishing satisfaction of the ninety-day filing requirement. *Kerr v. McDonald's Corp*., 427 F.3d 947, 951 (11th Cir. 2005).

Here, Plaintiff's Complaint alleges that she filed charges with the EEOC regarding the alleged discriminatory conduct on or about April 15, 2019. (Doc. 1) at 4. While she alleges that she received the right-to-sue letter on the same day she filed the EEOC charge, the EEOC dismissal and notice-of-rights letter, which Plaintiff attaches to her Complaint, is dated May 1, 2019. The Court assumes that Plaintiff received the notice on May 4, 2019, and Plaintiff does not dispute this in her response to the Court. *See Winsor v. Home Depot U.S.A., Inc*., 743 F. App'x 335, 335-36 (11th Cir. 2018) (where the date of receipt by mail is in dispute, the court presumes that the plaintiff received the right-to-sue letter three days after it was issued).

4

Plaintiff's Complaint was filed on August 5, 2019, *see* (Doc. 1), which is ninety-three days after Plaintiff received notice from the EEOC on May 4, 2019. Because Plaintiff filed her Complaint more than ninety days after receipt of her right-to-sue notice, her Complaint is untimely and is due to be dismissed.

### III.   Conclusion.

For the reasons set forth above, it is the

RECOMMENDATION of the undersigned Magistrate Judge that the Motions filed by Defendants (Docs. 9, 10) be GRANTED and that this case be DISMISSED with prejudice. It is further

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before June 25, 2020.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 11th day of June, 2020.

                                      /s/ Stephen M. Doyle
                                      UNITED STATES MAGISTRATE JUDGE